**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| JERMAINE DONNELL BANKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 1:10-0249 |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Petition for a Writ of *Habeas Corpus* under 18 U.S.C. § 2241 and Application to Proceed Without Prepayment of Fees and Costs. (Document Nos. 1 and 2.) .[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

**FACTUAL BACKGROUND**

A.    **Criminal Action No. 1:07-0157:**

By Amended Information filed on August 27, 2007, Petitioner was charged with one count of knowingly and intentionally possessing with the intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No. 1:07-0157, Document No. 16.) Also on August 27, 2007, Petitioner waived his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and pled guilty to the Information. (Id., Document Nos. 17 - 20.) A Presentence Investigation Report was prepared. (Id., Document No. 34.) The

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

District Court determined that Petitioner had a Base Offense Level of 26, and a Total Offense Level of 31, the Court having applied an eight-level enhancement pursuant to U.S.S.G. § 4B1.1 because Petitioner met the criteria for career offender status, and a three-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. (Id., Document No. 35.) The District Court sentenced Petitioner on February 19, 2008, to serve a 192-month term of incarceration to be followed by a four-year term of supervised release. (Id., Document Nos. 33 and 36.)

Petitioner filed a Notice of Appeal on March 4, 2008. (Id., Document No. 37.) Trial counsel filed an Anders Brief challenging the reasonableness of Petitioner's sentence. On April 10, 2009, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Banks, 320 Fed.Appx. 198 (4th Cir. 2009).

**B.      Section 2255 Motion:**

On March 8, 2010, Petitioner filed a "Challenge to the United States District Court Application of Sentence Enhancement" in Civil Action No. 1:10-276. (Civil Action No. 1:10-276, Document No. 58.) First, Petitioner alleges that the District Court improperly determined him to be a career offender pursuant to U.S.S.G. § 4B1.1. (Id.) Next, Petitioner contends that trial counsel was ineffective in failing to present mitigating circumstances surrounding his prior State court conviction. (Id.) Finally, Petitioner argues that the District Court imposed a sentence in violation of 18 U.S.C. § 3553(a)(2). The Clerk's office filed the above document as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Id.) The above action is currently pending before the Court.

**C.      Section 2241 Petition:**

Also on March 8, 2010, Petitioner filed his instant Petition for a Writ of *Habeas Corpus*

under 18 U.S.C. § 2241 and an Application to Proceed Without Prepayment of Fees and Costs. (Civil Action No. 1:10-0249, Document Nos. 1 and 2.) In his Petition, Petitioner argues as follows: (1) "Counsel did not properly preserve the 'mitigating' factors of his non-violent state prior;" and (2) "Sentence imposed in violation of 18 U.S.C. § 3553(a)(2)." (Id., p. 4.) As relief, Petitioner requests the Court to "vacate current sentence and impose sentence within actual Guidelines of 63 - 78 months." (Id., p. 5.)

## ANALYSIS

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief." Boysaw v. United States, 2011 WL 2634882 at *2 (S.D.W.Va.)(District Judge Berger). Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Thus, an application under Section 2241 "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. The focus of Section 2241 is upon the execution of a prisoner's sentence, not upon the validity of his conviction or sentence as is the focus of Section 2255. The remedy under Section 2241 is therefore not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."). Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity

of federal judgments and sentences unless, under Section 2255's savings clause, there is a showing that the remedy is inadequate or ineffective. 28 U.S.C. § 2255(e); In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Thus, before considering a petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus on its merits, the Court must first determine whether the remedy under Section 2255 is inadequate or ineffective to test the legality of his detention.

The Fourth Circuit Court of Appeals held in In re Jones, 226 F.3d 328, 333 - 334 (4th Cir. 2000) that the remedy under Section 2255 is inadequate or ineffective and resort may be had to Section 2241

> when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger). The

4

Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. <u>See</u> <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. <u>In re Jones</u>, 226 F.3d at 332; <u>Young v. Conley</u>, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001)(Chief Judge Haden).

Petitioner is clearly challenging the validity of his sentence and requesting that he be re-sentenced claiming that (1) trial counsel acted ineffectively in failing to "preserve the 'mitigating' factors of his non-violent state prior," and (2) the District Court imposed a sentence in violation of 18 U.S.C. § 3553. Petitioner's claims are therefore properly considered under Section 2255, not under Section 2241.[2] Furthermore, Petitioner has not shown and it does not appear that there is any basis for concluding that Section 2255 is inadequate or ineffective to test the legality of Petitioner's detention. Accordingly, Petitioner's claims cannot be considered under Section 2241 and should be dismissed.[3] <u>See</u> <u>United States v. Deibert</u>, 2009 WL 2338002 at * 2 (W.D.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1.), **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person

---

[2] Section 2255(a) provides that "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

[3] The undersigned notes that Petitioner has a Section 2255 Motion pending before the Court asserting the same allegations as asserted in his Section 2241 Petition. (Civil Action No. 10-0276, Document No. 58.)

in Federal Custody under 28 U.S.C. § 2241(Document No. 2.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: January 16, 2013.

R. Clarke VanDervort
United States Magistrate Judge

6